UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| RANDALL BYRNE, DAVID KLEUSKENS, JERRY HENRY, JASON WEBER, SUSAN FOSTER-HARPER, and LISA KINELL,<br><br>        Plaintiffs,<br> v.<br><br>CHARTER COMMUNICATIONS, INC., CHARTER COMMUNICATIONS OPERATING, LLC, SPECTRUM MID-AMERICA, LLC, and SPECTRUM NORTHEAST, LLC,<br><br>        Defendants. | Civil Action No.<br>3:20 - CV - 712 (CSH)<br><br><br>AUGUST 18, 2022 |

**ORDER RE:  STIPULATION OF DISMISSAL WITH PREJUDICE [Doc. 93]**

**HAIGHT, Senior District Judge:**

    Following arbitration, Defendants and five of the six named Plaintiffs have filed, on May 16, 2022, a stipulation "that any and all claims in the above-captioned actions against Defendants are hereby dismissed with prejudice." *See* Doc. 93, at 1 (citing Fed. R. Civ. P. 41(a)(1)(A)(ii)). The remaining plaintiff, David Kleuskens, has not joined in stipulating to dismiss because, as his counsel informed the Court on May 2, 2022, Mr. Kleuskens is now deceased. *See* Doc. 92 ("Suggestion of Death of Plaintiff David Kleuskens"), at 1. This Order addresses the propriety of the stipulated dismissal where a plaintiff is deceased and has not been substituted by another party or by his successor or representative.

    Defendants and the five surviving Plaintiffs move to dismiss under Rule 41(a)(1)(A)(ii), which requires that a stipulation of dismissal be "signed by *all* parties who have appeared." Fed. R.

1

Civ. P. 41(a)(1)(A)(ii) (emphasis added).

By letter to the Court dated August 8, 2022, counsel for Mr. Kleuskens ("Decedent") and Defendants argue that because 90 days have elapsed since the suggestion of death was filed, the action by Decedent must now be dismissed under Rule 25(a)(1), Fed. R. Civ. P., and the Court must grant the remaining parties' request for a stipulated dismissal under Rule 41, Fed. R. Civ. P. *See* August 8, 2022 Letter (attached), at 1.

Rule 25 states that after a party dies, "[a] motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1). With respect to service, Rule 25 requires service of the statement noting death "on the parties as provided in Rule 5 *and on nonparties* as provided in Rule 4." *Id.* 25(a)(3) (emphasis added). Rule 25 thus dictates that Decedent's action must be dismissed, but only after the proper parties *and nonparties* have been served and given 90 days thereafter to respond.

The "Suggestion of Death" [Doc. 92] was electronically served on all parties of record per the case management electronic filing system; but, as far as the Court has been made aware, was never served on any representative or successor of the Decedent. The Second Circuit has not addressed whether "Rule 25(a) requires service of the statement of death on both the parties of record and the decedent's nonparty representative to trigger the 90-day substitution period[.]" *Kotler v. Jubert*, 986 F.3d 147, 154 (2d Cir. 2021). However, persuasive authority from the Fourth, Fifth, Seventh, Ninth, and Tenth Circuits holds "that when a plaintiff dies, in order for the ninety-day deadline to run under Rule 25, the suggestion of death must have been personally served on the deceased-plaintiff's estate pursuant to Rule 4." *Sampson v. ASC Indus.*, 780 F.3d 679, 682 (5th Cir.

2015). As Judge Posner, writing for the Seventh Circuit, stated:

> Rule 25(a)(1) requires service, though it does not say which nonparties must be served . . . — obviously not every person in the United States who happens not to be a party to the lawsuit in question. But nonparties with a significant financial interest in the case, namely the decedent's successors (if his estate has been distributed) or personal representative ([if] it has not been), should certainly be served. . . .
> . . .
> [T]he cases are unequivocal that an obviously interested nonparty, such as [decedent plaintiff's wife], must be served for the 90-day clock to start running.

*Atkins v. City of Chicago*, 547 F.3d 869, 873 (7th Cir. 2008).

As the Seventh Circuit noted in *Atkins*, so does the Court note here: Unless and until the Parties certify that Decedent's successor or personal representative has been served, "the start gun for the 90-day race has not been fired." *Id.* at 874. Counsel for Decedent, who also represents the other named Plaintiffs in this matter, is hereby ORDERED to serve the suggestion of death upon Decedent's successor or personal representative no later than **September 16, 2022**, or to inform the Court as to why doing so would be impossible or impracticable. Only *after 90 days have elapsed from service* upon Decedent's successor or personal representative, providing that person an opportunity to seek substitution and to indicate agreement or objection to the stipulated dismissal, will the Court consider dismissing the action.

It is SO ORDERED.

Dated: New Haven, Connecticut
       August 18, 2022

                                                 */s/Charles S. Haight, Jr.*
                                                 CHARLES S. HAIGHT, JR.
                                                 Senior United States District Judge